## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PABLO BARBOSA DA SILVA,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, *Warden,*<br>*Donald W. Wyatt Detention Facility*;<br>DAVID T. WESLING, *Acting Field*<br>*Office Director, U.S. Immigration and*<br>*Customs Enforcement, Boston Field*<br>*Office*, DAVID VENTURELLA, *Acting*<br>*Director, U.S. Immigration and*<br>*Customs Enforcement*; U.S.<br>DEPARTMENT OF HOMELAND<br>SECURITY; TODD BLANCHE, *Acting*<br>*Attorney General of the United States*;<br>MARKWAYNE MULLIN, *Secretary,*<br>*U.S. Department of Homeland*<br>*Security*,<br>    Respondents. | No. 26-cv-373-JJM-PAS |

## MEMORANDUM AND ORDER

### I.    DISCUSSION

Pablo Barbosa Da Silva has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1.

The Government's position is that Mr. Barbosa Da Silva is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5 at 1. As support for this position, the Government cites to recent decisions from the Eighth and Fifth Circuits. *Id.; see*

*Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). These cases stand for the idea that all noncitizens present in the United States who have not been admitted or paroled are "applicant[s] for admission" that are "seeking admission" into the country, and they are thus subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(2); *Avila*, 170 F.4th at 1134-35; *Buenrostro-Mendez*, 166 F.4th at 502.

The Government ignores the fact that this Court is not bound by decisions from the Eighth and Fifth Circuits. Indeed, this Court—and the overwhelming majority of district courts—have rejected the Government's position. *See, e.g.*, *Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *1 (D.R.I. Feb. 24, 2025) (collecting cases from the District of Rhode Island); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (explaining that similarly situated petitioners "have prevailed, either on a preliminary or final basis, in 350 [out of 362] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States").

Three federal courts of appeals have also rejected the Government's position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) "does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *Lopez-*

*Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) ("We therefore find that an "applicant for admission" is not necessarily 'seeking admission.'   Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them."). This Court finds those decisions to be persuasive.

Just in case it bears repeating, the Court will remind the Government that its power to detain a noncitizen must be grounded in a specific provision of the Immigration and Nationality Act ("INA"). *See, e.g.*, *Gonzalez Lopez v. Wesling*, No. 26-cv-047-JJM-AEM, --- F. Supp. 3d ----, 2026 WL 309607, at *1 (D.R.I. Feb. 5, 2026); *accord Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018).   Here, the Government argues that 8 U.S.C. § 1225(b)(2) is the authority that gives it the power to detain Mr. Barbosa Da Silva.  ECF No. 5 at 1.  Not so.

As this Court has stated in *Tomas Elias* and the litany of cases that have followed it, this INA provision does *not* provide the Government with the legal authority to detain individuals in Mr. Barbosa Da Silva's position. *See, e.g.*, *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *2-3 (D.R.I. Oct. 27, 2025).  As someone who has resided in the United States since 2021, *see* ECF No. 1 at 4, Mr. Barbosa Da Silva cannot fairly be described as someone who is "seeking admission" into the country.  What is more, ICE previously released Mr. Barbosa Da Silva from immigration detention on an Order of Release on Recognizance under 8 U.S.C. § 1226(a). *See* ECF No. 1-3 ("In accordance with [Section 1226(a)], you are

3

being released on your own recognizance[.]").  As such, 8 U.S.C. § 1225(b)(2) does not and cannot apply to him.

The Government submits that, "[s]hould the court apply the reasoning in *Tomas Elias . . .*, it would likely find that [Mr. Barbosa Da Silva] merits habeas relief." ECF No. 5 at 2.  The Court agrees.  Based on the reasoning provided in *Tomas Elias*, the Court finds that Mr. Barbosa Da Silva merits habeas relief, and it will therefore GRANT his Petition.  ECF No. 1.

## II.    REMEDY

As for next steps, there is a dispute over what remedy is proper for Mr. Barbosa Da Silva.  The Government argues that the Court should deny Barbosa Da Silva's request for immediate release from ICE custody, and asks that he only be granted a bond hearing.  ECF No. 5 at 1 n.1.

Of course, this is completely antithetical to the Government's original position. The Government has consistently maintained that those who are subject to 8 U.S.C. § 1225(b)(2) are statutorily *ineligible* for bond hearings.  *See, e.g., Matter of Q. Li*, 29 I&N Dec. 66, 69 (BIA 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018)). And, in this case, the Government does not claim that it has the authority to detain Mr. Barbosa Da Silva under any statute other than 8 U.S.C. § 1225(b)(2).  But again, this statute does not apply to Mr. Barbosa Da Silva's particular circumstances.

Recall that the Government's power to detain *must* be grounded in a specific provision of the INA.  Thus, considering that the Government did not have the legal authority to detain Mr. Barbosa Da Silva in the first place, and given that it fails to

4

cite any other authority under which he may be detained, it follows then that the proper remedy is to order Mr. Barbosa Da Silva's immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

The Court will also order a bond hearing for Mr. Barbosa Da Silva pursuant to 8 U.S.C. § 1226(a). At the bond hearing, the Government will be free to argue to an IJ that Mr. Barbosa Da Silva should be detained. However, the Government will have the burden of proving this point either by clear and convincing evidence that he poses a danger to the community or by preponderance of the evidence that he poses a flight risk. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

## III.   CONCLUSION

The Court therefore GRANTS Mr. Barbosa Da Silva's habeas petition. ECF No. 1. The Government is hereby ORDERED to **release Pablo Barbosa Da Silva immediately**. Per its request, the Government is permitted to transfer Mr. Barbosa Da Silva to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 5 at 1 n.1. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Barbosa Da Silva in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales*, 2026 WL 508811, at

*3-4 (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").  Effectuating Mr. Barbosa Da Silva's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Pablo Barbosa Da Silva with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order.  Should it choose to pursue Mr. Barbosa Da Silva's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals.  *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests).  The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness.  *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Barbosa Da Silva's bond hearing, stating whether he has been granted bond.  If Mr. Barbosa Da Silva's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Barbosa Da Silva has been re-detained by ICE.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court


June 12, 2026

7